UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | ) |
| RC LIQUIDATING COMPANY, | )    Case No. 05-50475 C-11 |
| | ) |
| Debtor. | ) |
| | ) |

ORDER AND OPINION

This case came before the court on November 13, 2006, for hearing on a motion for relief from the automatic stay (the "Motion") filed by Bell, Davis & Pitt, P.A. and Hartsoe & Associates, P.C. (collectively, the "Law Firms") and for consideration of the objection to the Motion filed by the Unsecured Creditors Committee (the "Committee"). Daniel C. Bruton appeared on behalf of Bell, Davis & Pitt, Anthony Hartsoe appeared on behalf of Hartsoe & Associates and R. Bradford Leggett appeared on behalf of the Unsecured Creditors Committee.

Prior to the commencement of this bankruptcy case, Federal Insurance Company ("Federal") issued Policy No. 8159-7724 (the "Policy") to the Debtor as the "Insured Organization." The Policy provides coverage that includes directors and officers liability coverage as well as corporate liability coverage for the Debtor. The directors and officers liability section provides coverage for "Loss" resulting from any "D&O" claim first made against "Insured Persons" during the policy period for certain "Wrongful Acts." Insured Person is defined to include any past, present or future executive or employee of the Insured Organization and, in the event of the death of any such person, the estate of any such deceased person. The directors and officers liability section also provides coverage for Loss resulting from "Insured Organization Claims" first made during the policy period against "Insured Organizations" thereby providing coverage for claims made directly against the Debtor.

Under the Policy, "Loss" includes "Defense Costs" which is defined to include "that part of Loss consisting of reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) . . . incurred in defending any Claim." The Maximum Aggregate Limit of Liability under the Policy is $1,000,000, which includes Defense Costs. Under the Policy, any payment of Defense Costs reduces the aggregate limit of liability under the policy that otherwise would be available to pay damages or settlements.

Hartsoe & Associates is defending the Estate of Roscoe H. Enzor, Jr., the Trust U/W of Roscoe H. Enzor, Jr. and Karen Antonia Reams, Trustee (collectively, the "Defendants") against certain claims asserted by the Debtor and Bell, Davis & Pitt is defending the Debtor against certain counterclaims asserted against the Debtor by the Defendants in adversary proceeding number 05-6065 (the "Adversary Proceeding") which is pending in this court. The Debtor and the Defendants contend that they are insureds under the Policy and that their Defense Costs in the Adversary Proceeding should be paid by Federal under the Policy. Federal is willing to pay such Defense Costs, subject to a reservation of all its rights and defenses under the policy, but has requested that relief from the stay and approval of such payment by this court be obtained before any such payment is made. The Law Firms filed the Motion on behalf of their respective clients seeking such relief. Having considered the Motion, objection, the briefs submitted by the parties and the arguments of counsel, the court has concluded that the objection by the Committee should be overruled and that the Motion should be granted.

There is a dispute among the parties as to whether the proceeds payable under the policy constitute property of the bankruptcy estate in this case such that the automatic stay is applicable to the proposed payment by Federal. The court need not resolve such dispute because the court has

concluded that even if the stay is applicable, there is adequate cause under section 362(d)(1) to modify the stay so as to permit the payment of the Defense Costs referred to in the Motion.

While there has been no judicial determination concerning the extent to which the claims involved in the Adversary Proceeding are covered, Federal is willing to pay the Defense Costs under a reservation of rights arrangement. The payment of the Debtor's Defense Costs obviously benefits and is in the best interest of the bankruptcy estate since such costs otherwise would be paid from the funds now in the estate, thereby reducing the funds otherwise available for distribution to creditors. As pointed out by the Committee, the payment of the Defense Costs of the Defendants will reduce the insurance proceeds otherwise available to the Debtor under the Policy. The court is satisfied, however, that such a reduction is not a valid reason to deny payment of the Defense Costs of the Defendants.

One or more of the Defendants are insureds under the Policy and, as such, have the contractual rights provided under the policy. Those contractual rights include the payment of Defense Costs related to claims covered by the policy. While there may be situations in which the preservation of the policy proceeds may outweigh the payment of ongoing defense costs, this case does not present such a situation. Taking into account the $1,000,000 policy limit, the nature and extent of the claims and counterclaims involved in the Adversary Proceeding and the manner in which such claims and the defense costs related to such claims are likely to impact the available insurance, the court is satisfied that there are no countervailing interests that outweigh the recognition and implementation of the contractual rights of the Defendants under the Policy regarding Defense Costs. The automatic stay, to the extent applicable, therefore should be modified to permit the payment of the Defendants' Defense Costs as requested in the Motion. See In re Arter & Hadden, L.L.P., 335 B.R. 666 (Bankr.

N.D. Ohio 200); In re Cybermedica, Inc., 280 B.R. 12 (Bankr. D. Mass. 2002).

Now, therefore, it is ORDERED, ADJUDGED AND DECREED that the Motion is granted to the extent that the automatic stay is hereby modified so as to permit Federal Insurance Company to pay in accordance with its Policy Number 8159-7724 the attorneys' fees incurred by the Law Firms in defending the Debtor and the Estate of Roscoe H. Enzor, Jr., the Trustee U/W of Roscoe H. Enzor, Jr. and Karen Antonia Reams with respect to the covered claims and counterclaims asserted in Adversary Proceeding No. 05-09004; and it is FURTHER ORDERED that a copy of all billings submitted by the Law Firms to Federal Insurance Company be served by First Class Mail on counsel for the Committee within ten days after such billings are mailed or otherwise submitted to Federal Insurance Company.

This 31st day of January, 2007.

*[signature]*
WILLIAM L. STOCKS
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

IN RE: )
)
      RC Liquidating Company ) Case No. 05-50475
)
)
      Debtor(s) )

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on the below date, the undersigned Deputy Clerk served a copy of the __Order and Opinion dated 1/31/07__ by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

Daniel C. Bruton
POB 21029
Winston-Salem, NC 27120

R. Bradford Leggett
POB 5129
Winston-Salem, NC 27113-5129

Christopher C. Finan
POB 1550
High Point, NC 27261

Robert E. Price, Jr.
1144 W. Fourth Street
Winston-Salem, NC 27101

R. Anthony Hartsoe
Hartsoe & Associates, PC
1068 W. Fourth Street
Winston-Salem, NC 27101

Michael D. West    (Hand Delivered)

THIS the 31st day of **January**, 2007.

                              OFFICE OF THE CLERK

                              BY:    Christine P. Hamrick
                                        DEPUTY CLERK